[No. 15940.    Department Two.    April 12, 1921.]

PETER A. COOK *et al., Appellants,* v. J. P. REUTER *et al.,*
*Respondents.*[1]

COUNTIES—BOUNDARIES—EVIDENCE—ASSUMPTION OF JURISDICTION—
ACQUIESCENCE. In an action to set aside a sheriff's sale and deed
pursuant thereto, as made upon lands outside the county, the burden
of proof upon plaintiffs to establish that the land, an island in the
Columbia river, lay in another county, was not met where there was
no proof as to the volume of water on different sides of the island
at the ordinary stage of water, and the evidence showed that for ten
years, ever since the filing of the United States patent to the land,
jurisdiction had been exercised by the county wherein the sheriff's
sale was had, without any contrary assertion of authority by the
other contiguous county.

Appeal from a judgment of the superior court for
Walla Walla county, Mills, J., entered September 18,
1919, dismissing, on the merits, an action to vacate a
sheriff's sale and deed on execution, after a trial to the
court. Affirmed.

*John C. Hurspool,* for appellants.

*E. B. Ballinger* and *Winter S. Martin (Sharpstein,
Smith & Sharpstein,* of counsel), for respondents.

MITCHELL, J.—This action was brought by plaintiffs,
as trustees of the Wrigley Island Fruit Company, a
corporation, to vacate a sheriff's levy, sale and certifi-
cate of sale, an order confirming the sale, a sheriff's
deed, and a deed from the grantee in the sheriff's deed
to respondent Reuter to certain lands known as Wrig-
ley Island, Island No. 10, or Hudson Bay Island, in the
Columbia river. All of the instruments sought to be
cancelled resulted from a judgment in the case of Ash
v. Wrigley Island Fruit Company, hereinafter further

[1]Reported in 197 Pac. 53.

referred to. The action at first was to set aside the instruments on the ground of fraud, but by an amendment a further ground relied on was that the judgment, levy, sale and deeds were had and made in Walla Walla county as if the property was located in that county instead of Benton county. At the trial, the plaintiffs abandoned their first ground and relied solely on the claim that the property is located in Benton county, and that the court and other authorities in Walla Walla county had no jurisdiction to make the levy, sale, confirmation of sale and deed. Without findings, the trial court decided against the plaintiffs, and on September 18, 1919, entered a judgment dismissing the action, from which the plaintiffs have appealed.

The land was patented by the government to Percy W. Wrigley on November 9, 1907, and the patent was recorded on April 24, 1909. In March, 1908, Wrigley conveyed to Peter A. Cook an undivided one-fourth interest in the property; the deed was recorded in July, 1908. In March, 1908, Wrigley conveyed to John A. Schoenberg an undivided one-fourth interest in the property; the deed was recorded in July, 1908. In March, 1908, Wrigley conveyed to C. F. Shoblad an undivided one-fourth interest in the property; the deed was recorded in July, 1908. On November 7, 1908, Cook and wife, Schoenberg and wife, Shoblad and wife and Wrigley (unmarried) conveyed the property to the Wrigley Island Fruit Company, a corporation; the deed was recorded November 20, 1908. The Wrigley Island Fruit Company was incorporated by Peter A. Cook and John A. Schoenberg, and its articles designating Wallula, Walla Walla county, as its principal place of business, were filed on November 11, 1908.

In March, 1909, the Wrigley Island Fruit Company by John A. Schoenberg, president, and Peter A. Cook,

secretary, gave to M. L. Bevis a note in the sum of $2,000 secured by its mortgage upon this property; the mortgage was recorded March 20, 1909. In March, 1909, the same mortgagor gave a note for $200, secured by a second mortgage on the property, to Bevis Brothers; the mortgage was recorded in March, 1909. In May, 1909, M. L. Bevis assigned the $2,000 mortgage to Henry Vollner; the assignment was recorded in May, 1909.

In April, 1913, S. A. Ash commenced an action in the superior court of Walla Walla county against the Wrigley Island Fruit Company and thereafter, upon personal service of summons upon Peter A. Cook, as secretary of the corporation, such proceedings were had that, following the judgment (dated July, 1913), execution, levy, sale, certificate of sale, and confirmation of sale, the sheriff of Walla Walla county, in due time, executed and delivered to Ash his deed to the property on Wrigley Island; the deed was dated and recorded August 25, 1914. In September, 1914, Ash and wife conveyed the property to J. P. Reuter, respondent herein; the deed was recorded in September, 1914. In September, 1914, H. J. Hibschman, trustee for Bevis Brothers, bankrupts, assigned to Peter A. Cook the $200 note and mortgage given by the Wrigley Island Fruit Company to Bevis Brothers in March, 1909; the assignment of the mortgage was recorded in October, 1914. In October, 1914, J. P. Reuter, a widower, conveyed an undivided one-half interest in the lands to N. P. Johnson; the deed was recorded in November, 1914. All of the above instruments spoken of as having been recorded were recorded in the office of the auditor of Walla Walla county.

In February, 1915, Peter A. Cook, as assignee of the $200 note and mortgage, commenced an action on the

note and to foreclose the mortgage, in the superior court of Walla Walla county, against the Wrigley Island Fruit Company, J. P. Reuter and N. P. Johnson, and caused a copy of the summons and complaint to be served upon J. P. Reuter, who thereupon paid to Peter A. Cook's attorneys the amount in full of said note and mortgage and costs of suit; whereupon Peter A. Cook, by his instrument in writing duly acknowledged, released said mortgage of record in the county auditor's office of Walla Walla county on March 12, 1915.

It is alleged in the complaint that, on July 1, 1915, the secretary of state struck the name of said corporation from its files and thereby dissolved the same for its failure to pay its annual license fee to the state, as provided by law. The allegation was proven at the trial. The summons and complaint in the present case do not appear to have been served upon either of the defendants other than J. P. Reuter.

The Columbia river is the boundary line between the counties of Walla Walla and Benton. The river is navigable on each side of the island. There is some evidence, though not clear, that the volume of water on the different sides of the island differs in high water from what it is at low water, but there is no proof in that respect at the stage of ordinary water. Upon the filing and recording of the United States patent in the auditor's office in 1909, the assessor's office of Walla Walla county, upon inquiry, determined that the island was in that county and so assessed the property. It was promptly made a part of the Wallula school district of Walla Walla county, and at all times since then taxes thereon have been regularly assessed and paid in Walla Walla county. Benton, the newer of the two counties and which was organized in 1905, seems never

to have questioned the authority of Walla Walla county over the island.

The burden of proof in the case was upon plaintiffs, appellants, and they have not met it. The preponderance is the other way. While the assumption and continuous exercise of jurisdiction over the island by the public authorities of Walla Walla county has not been for so great a time as that found in favor of preferred authorities in other cases of a similar character, such as *Puget Sound Nat. Bank v. Fisher* (Protection Island), 52 Wash. 246, 100 Pac. 724, 17 Ann. Cas. 526; *Hecker v. Sterling*, 36 Pa. St. 423; *Edwards County v. White County*, 85 Ill. 390; *Hamilton v. McNeil*, 13 Grat. (Va.) 389, it has extended over sufficient time to make the doctrine of those cases persuasive here. While possibly not conclusive, the contemporaneous history of the property as being in Walla Walla county, together with the public policy involved, are controlling over appellants' proof. Obviously it was the view of the trial court, which we affirm, that the safest guide in this case as to the exact location of the county line is that hitherto practically adopted by the people in that locality, and the undisputed jurisdiction of the public authorities of Walla Walla county, liberally contributed to and encouraged by these appellants.

Judgment affirmed.

PARKER, C. J., MAIN, TOLMAN, and MOUNT, JJ., concur.